DANIEL G. BOGDEN
United States Attorney
District of Nevada
KIMBERLY M. FRAYN
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada  89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:11-cr-00434-LDG-PAL |
| Plaintiff, | UNITED STATES' MOTION TO AMEND JUDGMENT |
| vs. | |
| DELYANA NEDYALKOVA, | |
| Defendant. | |

The United States, by and through the undersigned, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 36, to amend the Judgment in the above-captioned matter due to clerical error.

**Points and Authorities**

On February 28, 2014, the Court sentenced the defendant to twelve (12) months and one (1) day imprisonment, with credit for time served, three years supervised release, a $100.00 assessment fee, and restitution in the amount of $84,000.00 (Doc. No. 28).  A copy of the Judgment is appended hereto as Exhibit A.

/ / /

/ / /

/ / /

The Judgment did not identify the restitution recipients in relation to the amount of restitution ordered. A "Restitution List" is appended hereto as Exhibit B.

Wherefore, the United States respectfully requests the Court to amend the Judgment to include the identity of the victim and the specific amount of monies due.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney


 */s/ Kimberly M. Frayn*
KIMBERLY M. FRAYN
Assistant United States Attorney


ORDER


IT IS SO ORDERED.

DATED this ___ day of September, 2014.

_____
Loyd D. George
Sr. U.S. District Judge

# EXHIBIT A

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| DELYANA NEDYALKOVA | ) | Case Number: 2:11-CR-434 LDG-PAL-10 |
| | ) | USM Number: 46445-048 |
| | ) | HERBERT SACHS (retained) |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  2 of Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1349 | Conspiracy to Commit Wire Fraud | 12/31/2011 | 2s |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  all remaining counts  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/28/2014
Date of Imposition of Judgment

*/s/ Lloyd D. George*
Signature of Judge

LLOYD D. GEORGE       U.S. District Judge
Name and Title of Judge

18 March 2014
Date

AO 245B  (Rev. 09/11) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: DELYANA NEDYALKOVA
CASE NUMBER: 2:11-CR-434 LDG-PAL-10

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 Months and 1 Day, with credit for time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at ____ ☐ a.m. ☐ p.m. on ____.
   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☑ before noon on 4/11/2014.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____ to ____
a ____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:  DELYANA NEDYALKOVA
CASE NUMBER:  2:11-CR-434 LDG-PAL-10

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

   3 Years

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DELYANA NEDYALKOVA
CASE NUMBER: 2:11-CR-434 LDG-PAL-10

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

5. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

6. Deportation Compliance - If deported, you shall not reenter the United States without legal authorization.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                Defendant                                    Date


              _____     _____
              U.S. Probation/Designated Witness              Date

DEFENDANT: DELYANA NEDYALKOVA
CASE NUMBER: 2:11-CR-434 LDG-PAL-10

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 84,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 84,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DELYANA NEDYALKOVA
CASE NUMBER: 2:11-CR-434 LDG-PAL-10

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 84,100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    RESTITUTION SHALL BE PAID AT A RATE OF 10% OF ANY INSTITUTIONAL WAGES FOLLOWED BY MONTHLY PAYMENTS OF 10% OF GROSS INCOME WHILE ON SUPERVISION, SUBJECT TO ADJUSTMENT BASED ON ABILITY TO PAY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Joint and Several with lead defendant, Eduard Petroiu, 2:11-CR-434 LDG-PAL-1

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 8 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:11-CR-434-LDG-(PAL) |
| DELYANA NEDYALKOVA, | ) |
| Defendant. | ) |

**FINAL ORDER OF FORFEITURE AS TO DELYANA NEDYALKOVA**

On January 27, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p) forfeiting property of defendant DELYANA NEDYALKOVA to the United States of America. Superseding Criminal Indictment, ECF No. 243; Plea Agreement, ECF No. 461; Change of Plea, ECF No. 481; Preliminary Order of Forfeiture, ECF No. 514.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, pursuant to Fed. R. Crim. P 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p) that the Preliminary Order of Forfeiture (ECF No. 514), listing the following assets, is final as to defendant DELYANA NEDYALKOVA:

1. $350.00 (received from Vladimir Budestean);
2. $200.00 (received from Vladimir Budestean);
3. $3.04 (recovered from 2002 Mercedes CLK 55, Budestean);
4. $2,155.00 seized during search of 4225 Dover Place, Las Vegas, NV residence of Budestean and Nedyalkova);

5. Currency on Eugeni Stoytchev at time of arrest: $2,512.00 United States Currency; 1-$0.50 euro coin (valued at $0.65 U.S.); 1-$10 Bulgarian Leva (valued at $6.68 U.S.); 1-$2 Bulgarian Leva (valued at $1.34 U.S.); 4-$1 Bulgarian Leva (valued at $3.67 U.S.); 1-$0.50 Bulgarian Stotinki (valued at $0.33 U.S.); 3-$0.20 Bulgarian Stotinki (valued at $.40 U.S.);10-10 denomination Bulgarian Stotinki (valued at $0.67 U.S.);

6. 4225 Dover Place, Las Vegas, Nevada (residential home, Clark County Parcel No. 139-31-411-l09); Owners: Vladimir Budestean and Mariya Ytmkerova-Nedyalkova;

7. Samsung Television (Serial Number LN46B55OK1F w/stand, power cord, remote and cables) (consent search of Oleh Rymarchuk's residence);

8. Laptop Macbook Air (serial #C02GMBLPDJWV) (consent search of Oleh Rymarchuk's residence);

9. Laptop Macbook Pro (serial #C02GD1VPDV7L) (consent search of Oleh Rymarohuk's residence);

10. Powershot A603 w/case (Serial #4136204571) (consent search of Oleh Rymarchuk's residence);

11. Apple Time Capsule (1TB) w/cord (Serial #6F94201GACD) (consent search of Oleh Rymarchuk's residence);

12. Red Cobra Model #CA-380 .380 caliber pistol (Serial #CP042369 (seized from Bertly Ellazar's residence); and

13. An in personam criminal forfeiture money judgment of $84,000.00 in United States Currency.

DATED this 28th day of February, 2014.

UNITED STATES DISTRICT JUDGE

2

# EXHIBIT B

U.S. v. Delyana Nedyalkova
2:11-cr-00434-LDG-PAL
**Restitution List**

| | |
|---|---|
| Blake Gill | $4,464.49 |
| Brandon Pope | $4,664.49 |
| Crystal Ortega | $2,964.49 |
| Eric Turnquist | $4,764.49 |
| German Vehicle Services, Inc. | $7,764.49 |
| Harold Ochsner | $3,933.53 |
| Holly Wyrick | $4,364.49 |
| Joan & Clifford Beverly | $7,464.49 |
| Lonnie Bailey | $4,664.49 |
| Philip M. Cavanagh | $12,964.49 |
| Robert Holland | $3,842.59 |
| Roy Jaime Laureano | $7,764.49 |
| Shawna Jasper | $1,914.49 |
| Stephen E. Kelly | $12,464.49 |
| TOTAL | $84,000.00 |